# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
08/22/2017
CT Log Number 531806155

TO: Howard Harris
BMW of North America, LLC
300 Chestnut Ridge Road
Woodcliff Lake, NJ 07677-7731

RE: **Process Served in California**

FOR: Rolls-Royce Motor Cars NA, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kristina Kasabyan, Pltf. vs. Rolls-Royce Motor Cars NA, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Attachment(s), Notice, Stipulation(s), Summons, Cover Sheet, Instructions, Complaint, |
| **COURT/AGENCY:** | Los Angeles County - Superior Court - Santa Monica, CA<br>Case # SC127982 |
| **NATURE OF ACTION:** | Product Liability Litigation - Breach of Warranty - 2013 Rolls Royce Ghost - VIN No.: WBAYP9C50ED168938 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/22/2017 at 11:54 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Vladimir Galstyan<br>Galstyan Law Firm<br>2600 West Olive Ave<br>Suite 530<br>Burbank, CA 91505<br>323-642-6000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/23/2017, Expected Purge Date: 08/28/2017 |
| | Image SOP |
| | Email Notification,  Barry Chen  Barry.chen@bmwnaext.com |
| | Email Notification,  Diane Carbone  Diane.Carbone@bmwna.com |
| | Email Notification,  Gino Palacios  Gino.Palacios@bmwnaext.com |
| | Email Notification,  Toni-Lynne Mathias  Toni-lynne.Mathias@bmwnaext.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / PR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CT

---

**PLEASE NOTE:**


**SERVICE TAKEN FOR:**

**ROLLS ROYCE MOTOR CARS NA LLC**

---

Wolters Kluwer

August 22, 2017/11:57am

Gal Atyan

CASE NO. _SC127982_

<u>*NOTICE OF CASE ASSIGNMENT TO INDIVIDUAL CALENDAR COURT*</u>

**TO PLAINTIFFS AND PLAINTIFFS' ATTORNEYS OF RECORD or PLAINTIFFS IN PRO PER:**

**IT IS HEREBY ORDERED AND YOU ARE HEREBY NOTIFIED** that this action shall be assigned to a Judge for all purposes, including trial, as follows:

Judge Mitchell L. Beckloff                    Department:   **M**

Santa Monica Courthouse
1725 Main Street
Santa Monica, CA 90401

**IT IS FURTHER ORDERED THAT PLAINTIFF OR COUNSEL FOR PLAINTIFF SHALL GIVE NOTICE OF THIS ALL-PURPOSE CASE ASSIGNMENT** by serving a copy of this Notice on all parties to this action at the time the Summons and Complaint are served, or, if not a served party, then when such party (including any cross-defendant or complainant-in-intervention) appears in the action.

**CASE MANAGEMENT REVIEW AND CONFERENCE:**  Upon the filing of the Complaint, a Case Management Review and Conference will be calendared for hearing in the Court to which the case is assigned.  The hearing date will be stamped upon the face of the Complaint. **Plaintiff shall give separate notice of the Case Management Review and Conference to all named parties** in conjunction with service of the Summons and Complaint and include any later appearing party such as a cross-defendant or complainant-in-intervention served within this time period. **Proof of service must be brought to the hearing if not previously filed.**  Failure to timely file proof of service of Summons and Complaint within 60 days after filing the Complaint (CRC 3.110(b)) may result in an Order to Show Cause re sanctions being issued.  (CRC 3.110(f).)

-1-

**TIME STANDARDS:** Cases will be subject to processing under the following time standards:

**COMPLAINTS:** All Complaints shall be served on all named defendants and proof of service filed within 60 days after the filing of the Complaint. The Court may set an OSC re failure to file proof of service of Summons and Complaint if not timely filed. (CRC 3.110(b).)

**CROSS-COMPLAINTS:** No Cross-Complaint may be filed by any party after its answer is filed without first obtaining leave of court. Cross-Complaints shall be served and proof of service filed within 30 days of the filing date, unless a party has appeared in the action. (CRC 3.110(c).)

**APPLICABLE RULES:** Counsel as well as self-represented parties are directed to familiarize themselves with the Local Rules for the County of Los Angeles, particularly Chapter 3 Civil Division Rules, and California Rules of Court relating to civil case management. These Rules apply to all general civil cases and shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE:** A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment of the Judge, or if a party has not yet appeared, within 15 days of the first appearance of that party. (Local Rule 2.5(a).).

**PREPARATION AND PROCEDURES FOR CASE MANAGEMENT REVIEW AND CONFERENCE:** Pursuant to CRC 3.724, no later than 30 calendar days before the date set for the Case Management Conference, the parties must meet and confer, in person or by telephone, to consider each of the issues identified in Rule 3.727 and, in addition, to consider the following:

(1)  Resolving any discovery disputes and setting a discovery schedule;

(2)  Identifying and, if possible, informally resolving any anticipated motions;

(3)  Identifying the facts and issues in the case that are uncontested and may be the subject of stipulation;

(4)  Identifying the facts and issues in the case that are in dispute;

(5)  Determining whether the issues in the case can be narrowed by eliminating any claims or defenses by means of a motion or otherwise;

(6)  Determining whether settlement is possible;

(7)  Discuss type of mediation counsel and parties prefer;

(8)  Identifying the dates on which all parties and their attorneys are available or not available for trial, including the reasons for unavailability; and

(9)  Other relevant matters.

-2-

Pursuant to CRC 3.725, no later than 15 calendar days before the date set for the Case Management Conference or Review, each party must file a Case Management Statement and serve it on all other parties in the case. In lieu of each party's filing a separate Case Management Statement, any two or more parties may file a joint Statement.

The subjects to be considered at the Case Management Conference shall include the following (CRC Rule 3.727):

(1)     Whether there are any related cases (see CRC 3.300);

(2)     Whether all parties named in the Complaint or Cross-Complaint have been served, have appeared, or have been dismissed;

(3)     Whether any additional parties may be added or the pleadings may be amended;

(4)     Whether, if the case is a limited civil case, the economic litigation procedures under Code of Civil Procedure Section 90 et seq. will apply to it or the party intends to bring a motion to exempt the case from these procedures;

(5)     Whether any other matters (e.g., the bankruptcy of a party) may affect the Court's jurisdiction or processing of the case;

(6)     Whether the parties have stipulated to, or the case should be referred to, judicial arbitration in courts having a judicial arbitration program or to any other form of alternative dispute resolution (ADR) process and, if so, the date by which the judicial arbitration or other ADR process must be completed;

(7)     Whether an early settlement conference should be scheduled and, if so, on what date;

(8)     Whether discovery has been completed and, if not, the date by which it will be completed;

(9)     What discovery issues are anticipated;

(10)    Whether the case should be bifurcated or a hearing should be set for a motion to bifurcate under Code of Civil Procedure Section 598;

(11)    Whether there are any Cross-Complaints that are not ready to be set for trial and, if so, whether they should be severed;

(12)    Whether the case is entitled to any statutory preference and, if so, the statute granting the preference;

(13)    Whether a jury trial is demanded and, if so, the identity of each party requesting a jury trial;

(14)   If the trial date has not been previously set, the date by which the case will be ready for trial and the available trial dates;

(15)   The estimated length of trial;

(16)   The nature of the injuries;

(17)   The amount of damages, including any special or punitive damages;

(18)   Any additional relief sought;

(19)   Whether there are any insurance coverage issues that may affect the resolution of the case; and

(20)   Any other matters that should be considered by the Court or addressed in its Case Management Order.

SANCTIONS: The Court has authority to impose appropriate sanctions for the failure or refusal to comply with provisions of the California Rules of Court and Local Rules governing time standards and case management conference requirements or deadlines. Such sanctions may be imposed upon counsel, a party, or both, as permitted by rule, statute, or law.

This is not a complete representation of the applicable Local Rules or California Rules of Court, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction Rules. Careful reading and compliance with the Local Rules and California Rules of Court are absolutely imperative.

LISA HART COLE, Supervising Judge
Los Angeles Superior Court, West District

ADMIN/LM



## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use



| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):        FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary, targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
(INSERT DATE) _____ (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)                    >   _____
                                            (ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)                    >   _____
                                            (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                    >   _____
                                            (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                    >   _____
                                            (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                    >   _____
                                            (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)                    >   _____
                                            (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)                    >   _____
                                            (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.



| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

> (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
(JUDICIAL OFFICER)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
FAX NO. (Optional):  
E-MAIL ADDRESS (Optional):  
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER |
|---|---|

1.  This document relates to:
    - ☐ Request for Informal Discovery Conference
    - ☐ Answer to Request for Informal Discovery Conference

2.  Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).

3.  Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).

4.  For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ROLLS-ROYCE MOTOR CARS NA, LLC

**CONFORMED COPY
ORIGINAL FILED**
Superior Court of California
County of Los Angeles

**AUG 18 2017**

Sherri R. Carter, Executive Officer/Clerk

By: Marcos Mariscal Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KRISTINA KASABYAN

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Santa Monica Courthouse, 1725 Main Street, Santa Monica, CA 90401 | **CASE NUMBER:**<br>*(Número del Caso):* **SC127982** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Vladimir Galstyan, 2600 West Olive Ave, Suite 530, Burbank, CA 91505, T: 323-642-6000

| DATE:<br>*(Fecha)* | **AUG 18 2017**   Sherri R. Carter, Clerk | Clerk, by<br>*(Secretario)* | **MARCOS MARISCAL** | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Vladimir Galstyan, Esq.- State Bar #272474
Galstyan Law Firm, P.C.
2600 West Olive Ave Suite 530
Burbank, CA 91505
TELEPHONE NO.: (323) 642-6000    FAX NO.: (818) 478-3331
ATTORNEY FOR (Name): KRISTINA KASABYAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Santa Monica
BRANCH NAME: Santa Monica Courthouse

CASE NAME:
KASABYAN vs. ROLLS-ROYCE MOTOR CARS NA, LLC

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 18 2017

Sherri R. Carter, Executive Officer/Clerk

By: Marcos Mariscal Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: SC127982 |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder   Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Mitchell L. Beckloff   DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify)*:
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: 08/15/2017

Vladimir Galstyan, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

| SHORT TITLE: KASABYAN vs. ROLLS-ROYCE MOTOR CARS NA, LLC | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: | KASABYAN vs. ROLLS-ROYCE MOTOR CARS NA, LLC | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☑ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: KASABYAN vs. ROLLS-ROYCE MOTOR CARS NA, LLC | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: KASABYAN vs. ROLLS-ROYCE MOTOR CARS NA, LLC | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☑ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>8845 W Olympic Blvd |
|---|---|
| CITY:<br>Beverly Hills | STATE: CA    ZIP CODE: 90211 |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the _West Judicial_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 08/15/2017

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

AUG 18 2017

Sherri R. Carter, Executive Officer/Clerk
By: Marcos Mariscal Deputy

1  Vladimir Galstyan, Esq.- State Bar #272474
   Galstyan Law Firm
2  2600 West Olive Ave Suite 530
   Burbank, CA 91505
3  (323) 642-6000
   Attorneys for Plaintiff, KRISTINA KASABYAN
4

5            SUPERIOR COURT OF THE STATE OF CALIFORNIA
                     COUNTY OF LOS ANGELES
6                     UNLIMITED JURISDICTION

7

8  KRISTINA KASABYAN                    )  Case No.:    SC127982
                                        )
9           Plaintiff,                  )  COMPLAINT
                                        )
10     vs.                              )  CASE MANAGEMENT CONFERENCE
                                        )  Judge Mitchell L. Beckloff   12|18|17
11 ROLLS-ROYCE MOTOR CARS NA, LLC       )  DEP. M     Date        8:30AM
                                        )
12          Defendant                   )

13                          **COMPLAINT**

14     NOW COMES the Plaintiff, KRISTINA KASABYAN, by and through Plaintiff's

15 attorneys and for Plaintiff's Complaint against Manufacturer, ROLLS-ROYCE MOTOR CARS

16 NA, LLC., alleges and affirmatively states as follows:

17                           **PARTIES**

18     1.     Plaintiff, KRISTINA KASABYAN  ("Plaintiff), is an individual who leased the

19 subject vehicle in the State of California.

20     2.     Manufacturer, ROLLS-ROYCE MOTOR CARS NA,.LLC ("Manufacturer"), is a

21 corporation Authorized to do business in the State of California and is engaged in the

22 manufacture, sale, and distribution of motor vehicles and related equipment and services.

23 Manufacturer is also in the business of marketing, supplying and selling written warranties to the

24 public at large through a system of authorized dealerships, including Rolls Royce Motor Cars of

25 Beverly Hills ("Seller"). Manufacturer does business in all counties of the State of California.

                            COMPLAINT

## **BACKGROUND**

3.     On or about April 19, 2013, Seller arranged for Plaintiff to lease from O'Gara Coach Company, LLC ("Lessor") a 2013 Rolls Royce Ghost ("GHOST"), manufactured by Manufacturer, Vehicle Identification No. WBAYP9C50ED168938, for valuable consideration (A copy of Plaintiff's lease contract is attached hereto and marked as Exhibit "A").

4.     Specifically, Seller contacted Lessor to determine if Lessor would agree to lease the GHOST to Plaintiff at terms negotiated by Plaintiff and Seller.

5.     Lessor agreed to lease the GHOST to Plaintiff and in doing so also agreed to purchase the GHOST so that Lessor may lease the GHOST to Plaintiff.

6.     Prior to or contemporaneous to Plaintiff's lease of the GHOST, Seller sold the GHOST to Lessor for valuable consideration.

7.     The gross capitalized cost of the GHOST, <u>including</u> collateral charges, such as bank and finance charges, totaled more than $282,275.00.

8.     With Lessor's purchase of the GHOST, Manufacturer issued and supplied to Lessor several written warranties, including a four (4) year or fifty thousand (50,000) mile factory warranty, as well as other standard warranties fully outlined in the Manufacturer's Warranty Booklet.

9.     Lessor purchased the GHOST for purposes other than resale.

10.     Lessor purchased the GHOST to lease to Plaintiff.

11.     Lessor would not have purchased the GHOST from Seller without Plaintiff's prior agreement to lease the GHOST from Lessor.

12.     Lessor purchased the GHOST from Seller with the intention of making a profit off of leasing the GHOST to Plaintiff.

//

//

13.    At the time Lessor purchased the GHOST from Seller, the GHOST had been driven approximately twenty-six (26) miles and was covered by Manufacturer's written warranty described above.

14.    Lessor would not have purchased the GHOST without Manufacturer's written warranty described above.  Additionally, Plaintiff would not have agreed to lease the GHOST without knowledge that Plaintiff would be able to enforce Manufacturer's written warranty.

15.    On or about April 19, 2013, and at approximately twenty-six (26) miles on the GHOST, Lessor assigned its rights in Manufacturer's written warranty to Plaintiff.

16.    On or about April 19, 2013, and at approximately twenty-six (26) miles on the GHOST, Lessor transferred the GHOST to Plaintiff for Plaintiff's exclusive use.  The transfer of the GHOST occurred during the duration of the above-mentioned warranty.

17.    As the transferees of the GHOST, Plaintiff was responsible to maintain the GHOST, insure the GHOST, and have needed repairs performed pursuant to Manufacturer's warranty.

18.    On or about April 19, 2013, Plaintiff took possession of the GHOST and shortly thereafter experienced the various defects listed below that substantially impair the use, value and/or safety of the GHOST.

19.    The defects listed below violate the express written warranties issued to Plaintiff by Manufacturer, as well as the implied warranty of merchantability.

20.    Plaintiff brought the GHOST to Seller and/or other authorized service dealers of manufacturer for various defects, including, but not limited to the following:

a.    Defective engine as evidenced by numerous defects including but not limited to the engine running rough, the engine throwing fault codes, the oil level being low frequently as evidenced by the low oil  light being on, the vehicle losing power and stalling in heavy traffic; and

b.   Defective brakes as evidenced by brake noise and brake replacement; an

c.   Any additional complaints made by Plaintiff and any additional defects, whether or not they are contained in Manufacturer's records or on any repair orders.

21.   Plaintiff provided Manufacturer through Seller and/or other authorized dealers of Manufacturer sufficient opportunities to repair the GHOST.  The vehicle was out of service for 71 days.

22.   Manufacturer, through its authorized dealers was unable and/or failed to repair the GHOST within a reasonable number of attempts.

23.   Plaintiff justifiably lost confidence in the GHOST's reliability and said defects have substantially impaired the value of the GHOST to Plaintiff.

24.   Said defects could have not been discovered by Plaintiff prior to Plaintiff's acceptance of the GHOST.

25.   As a result of said defects, Plaintiff revoked acceptance of the GHOST in writing on May 5, 2005 (A copy of said letter is attached hereto and marked as Exhibit "B").

26.   Plaintiff returned the GHOST to Manufacturer at the end of the lease term.

27.   At the time of revocation, the GHOST was in substantially the same condition as at delivery except for damage caused by its own defects and ordinary wear and tear.

28.   Manufacturer refused Plaintiff's demand for revocation and has refused to provide Plaintiff with the remedies Plaintiff is entitled upon revocation.

29.   The GHOST remains in a defective and unmerchantable condition, and continued to exhibit the above-mentioned defects that substantially impair its use, value and/or safety to the date that Plaintiff returned the GHOST to manufacturer.

30.   Plaintiff has and will continue to be financially damaged due to Manufacturer's failure to comply with the provisions of its express and implied warranties.

//

31.    Prior to filing this complaint, Plaintiff attempted to submit to Manufacturer's informal dispute resolution program and was unsatisfied with the results therein.

**COUNT I**

**BREACH OF WRITTEN WARRANTY**

**PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT**

**MANUFACTURER**

32.    Plaintiff realleges and incorporates by reference as fully set forth herein, paragraphs 1-31 of this Complaint.

33.    Plaintiff is a lessee of a consumer product who received the GHOST during the duration of a written warranty period applicable to the GHOST and who is entitled by the terms of the written warranty to enforce against Manufacturer the obligations of said warranty.

34.    Manufacturer is a person engaged in the business of making a consumer product directly available to Plaintiff.

35.    Seller is an authorized dealership/agent of Manufacturer designed to perform repairs on vehicles under Manufacturer's automobile warranties.

36.    The Magnuson-Moss Warranty Act, Chapter 15 U.S.C.A., Section, 2301 et. Seq. ("Warranty Act") is applicable to Plaintiff's Complaint in that the GHOST was manufactured, leased and leased after July 4, 1975, and costs in excess of ten dollars ($10.00).

37.    Plaintiff's lease of the GHOST was accompanied by written factory warranties for any non-conformities or defects in materials or workmanship, comprising an undertaking in writing in connection with the lease of the GHOST to repair the GHOST or take other remedial action free of charge to Plaintiff with respect to the GHOST in the event that the GHOST failed to meet the specifications set forth in said undertaking in Manufacturer's warranty.

38.    Said warranties were the basis of the bargain of the sale between Seller and Lessor and the basis of the bargain of the lease between the Plaintiff and Lessor.

COMPLAINT

39.     Said lease of Plaintiff's GHOST was induced by, and Plaintiff relied upon, these written warranties.

40.     Plaintiff has met all of Plaintiff's obligations and preconditions as provided in the written warranties.

41.     As a direct and proximate result of Manufacturer's failure to comply with its express written warranties, Plaintiff has suffered damages and, in accordance with 15 U.S.C. § 2310(d), Plaintiff is entitled to bring suit for such damages and other equitable relief.

## COUNT II

## BREACH OF IMPLIED WARRANTY PURSUANT TO THE MAGNUSON-MOSS WARRANTY ACT

42.     Plaintiff realleges and incorporates by reference as through fully set forth herein, paragraphs 1-31 of this complaint.

43.     The GHOST leased by Plaintiff was subject to an implied warranty of merchantability as defined in 15 U.S.C. § 2301(7) running from the Manufacturer to the intended consumer, Plaintiff herein.

44.     Manufacturer is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff.

45.     Manufacturer is prohibited from disclaiming or modifying any implied warranty when making a written warranty to the consumer or when Manufacturer has entered into a contract in writing within ninety (90) days of lease to perform services relating to the maintenance or repair of a motor vehicle.

46.     Pursuant to 15 U.S.C. § 2308, Plaintiff's GHOST was impliedly warranted to be substantially free of defects and non-conformities in both material and workmanship, and thereby fit for the ordinary purpose for which the GHOST was intended.

//

COMPLAINT

47. The GHOST was warranted to pass without objection in the trade under the contract description, and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

48. The above-described defects in the GHOST render the GHOST unfit for the ordinary and essential purpose for which the GHOST was intended.

49. As a result of the breaches of implied warranty by Manufacturer, Plaintiff has suffered and continues to suffer various damages.

### COUNT III

### SONG –BEVERLY CONSUMER WARRANTY ACT

50. Plaintiff realleges and incorporates by reference as though fully set forth herein, paragraphs 1-31 of this Complaint.

51. Pursuant to Cal Civ. Code. § 1793.2, Plaintiff has presented the GHOST to Seller and/or other authorized service dealers of Manufacturer within the term of protection and have tendered the subject vehicle four (for the above-mentioned defects that substantially affect the use, value and safety of the GHOST.

52. Manufacturer, through Seller and/or other authorized dealerships, have been unable to repair said defects in a reasonable number of attempts.

53. Pursuant to Cal Civ. Code. § 1793.2, Plaintiff is entitled to a refund of the full lease price of the vehicle, including all collateral charges and finance charges, and/or a replacement vehicle, plus all attorney fees and costs.

54. Manufacturer has willfully violated the provisions of this act by knowing of its obligations to refund or replace Plaintiff's vehicle, but failing to fulfill them.

### COUNT IV

### SONG –BEVERLY CONSUMER WARRANTY ACT

//

55.     Plaintiff realleges and incorporates by reference as though fully set forth herein, paragraphs 1-31 of this Complaint.

56.     The GHOST leased by Plaintiff was subject to an implied warranty of merchantability as defined in Cal. Civ. Code §1790 running from the Manufacturer to the intended consumer, Plaintiff herein.

57.     Manufacturer is a supplier of consumer goods as a person engaged in the business of making a consumer product directly available to Plaintiff.

58.     Manufacturer is prohibited from disclaiming or modifying any implied warranty under Cal. Civ. Code §1790.

59.     Pursuant to Cal. Civ. Code §1790, Plaintiff's GHOST was impliedly warranted to be fit for the ordinary use for which the GHOST was intended.

60.     The GHOST was warranted to pass without objection in the trade under the contract description, and was required to conform to the descriptions of the vehicle contained in the contracts and labels.

61.     The above-described defects in the GHOST caused it to fail to possess even the most basic degree of fitness for ordinary use.

62.     As a result of the breaches of implied warranty by Manufacturer, Plaintiff has suffered and continues to suffer various damages.

WHEREFORE, Plaintiff prays for judgment against Manufacturer as follows:

    a.   Return of all monies paid or in the alternative applicable damages pursuant to section 2714 of the Commercial Code, and all incidental and consequential damages incurred;

    b.   All reasonable attorneys' fees, witness fees and all court costs and other costs;

    c.   Such other and further relief that the Court deems just and appropriate.

**PLAINTIFF HEREBY REQUESTS A JURY TRIAL IN THIS MATTER.**

Dated this 15th day of August, 2017

Vladimir Galstyan
Attorney for Plaintiff
KRISTINA KASABYAN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**EXHIBIT A**

1
2
3
4
5
6
7
8
9
10
11
12
13    **EXHIBIT B**
14
15
16
17
18
19
20
21
22
23
24
25

COMPLAINT



# G A L S T Y A N
L A W   F I R M

**Professional Corporation**
**2600 West Olive Ave, Suite 530**
**Burbank, CA 91505**
**Toll Free: 800-939-8004**
**Tel: 323-642-6000 Fax: 818-478-3331**
**Email: info@galstyanlaw.com**

**Vladimir Galstyan**
**Attorney At Law**

RECEIVED
JUN 2 2 2017
BMW of North America, LLC
Legal Department

*Writer Licensed in California*

June 19, 2017

Rolls-Royce Motor Cars NA, LLC
ATTN: Legal Department
PO Box 1227
Westwood, NJ 07675-1227

RE:     <u>Kristina Kasabyan v. Rolls-Royce Motor Cars NA, LLC</u>
        Vehicle:     **2013 Rolls Royce Ghost**
        VIN:         **WBAYP9C50ED168938**

Dear Sir or Madam:

Pursuant to California Civil Code 1793.22(b)(3), please be advised that this office represents the above-named individual regarding claims against your company pursuant to the Song-Beverly Warranty Consumer Warranty Act ("Lemon Law") and/or the Federal Magnuson-Moss Warranty Act with regard to the above-listed vehicle.  Please direct all future contacts and correspondence to our office as such.

<u>Having been formally notified of our representation, you are instructed not to contact our clients under any circumstances.  Direct all inquiries to this office.  If you fail to act in conformity with this directive, injunctive relief will be sought against you.</u>

<u>Pursuant to California Civil Code 1794 (d) and/or 15 U.S.C. 2310(d), you are hereby notified that any settlement made with our clients require payment of our attorneys' fees. If you settle directly with our clients and do not make arrangements for payment of our attorneys' fees, we will file suit against you.  In addition, you are hereby notified of our attorneys' lien.</u>

## LEGAL BASIS FOR DEMAND

BREACH OF IMPLIED WARRANTY UNDER MAGNUSON-MOSS

Under Magnuson-Moss, a cause of action for breach of an implied warranty arises under state law. 15 U.S.C. § 2301 (7). Magnuson-Moss invalidates any disclaimers of implied warranties if the warrantor issues a written warranty to the consumer concerning the product. 15 U.S.C. § 2308(a)(1982). Additionally, implied warranties may only be

1

limited so that their duration coincides "to the duration of a written warranty of reasonable duration," provided that the limitation is conspicuous and on the first page of the warranty. 15 U.S.C. § 2308 (b).

Under Magnuson-Moss, an implied warranty of merchantability for goods implies that the goods are fit for the ordinary purposes for which the goods are used. Courts hold that a defendant breaches an implied warranty of merchantability under Magnuson-Moss if the vehicle is not for the ordinary purpose for which an automobile is intended." Felde v. Chrysler Credit Corp., 219 Ill.App.3d 530, 580 N.E.2d 191 (2nd Dist. 1991).

For an automobile, "fitness" means that the car should be "substantially free of defects." Overland Bond and Investment Corp., 9 Ill.App.3d 348, 292 N.E.2d 168 (1 st Dist. 1972). Additionally, a buyer of a "new" automobile, regardless of make or style, is entitled to expect an automobile new in every respect and part, and properly constructed and regulated to provide reasonably safe, trouble-free, and dependable transportation. Applemann v. Farbert Motors, Inc., 30 Ill. App.2d 424, 174 N.E.2d 892 (3rd Dist. 1961).

SONG-BEVERLY CONSUMER WARRANTY ACT

Plaintiffs, pursuing an action under Song-Beverly, must prove that:

(1) the vehicle at issue had a non-conformity covered by the express warranty that substantially impaired the use, value and, or safety of the vehicle;

(2) the vehicle was presented to an authorized dealership of the manufacturer for repair; and

(3) the manufacturer, through its dealership, did not repair the non- conformity after a reasonable number of repair attempts. Cal Civ. Code §1793.2; See Also Oregel v. American Isuzu Motors, 90 Cal. App. 4 th 1094, 1101 (4 th Dist. 2001). Ibhrahim v. Ford., 214 Cal. App. 3d 878,886-887 (3 rd Dist. 1989).

The California Lemon Law presumes that a reasonable number of attempts has occurred to repair a vehicle, when, in the first year or 18,000 miles (whichever occurs first):

**(1) the vehicle has been subject to repairs four (4) times for the same non-conformity;**
**(2) the vehicle has been subject to repair two (2) times for a non-conformity that is likely to cause death or bodily harm; or**
(3) the vehicle has been out of service for more than thirty (30) days from delivery to the buyer. Cal Civ. Code §1793.22.

See enclosed Exhibit "A" for the repair orders in this case, all of which evidence a substantial defect.  The vehicle has a significant problem with its electrical system, engine and transmission, which are obviously the most integral parts of a vehicle, and thus compelling evidence were this case to be tried in front of a jury.

2

In addition, it is important to note that the Song-Beverly Presumption would be applicable for two reasons. One, there been at least four attempts to fix a serious engine-related defect **all within the first 18,000** miles of the vehicle. Two, the vehicle was out of service 42 days **within the first 18,000** miles of the vehicle, well over the presumption period of 30. Finally, these engine issues arguably are a serious safety issue as well. Further, the various engine nonconformities still has not been fixed, and were not repaired within that presumption period. Thus, with the presumption applicable, a repurchase is very likely at trial and you have an uphill battle to climb from the inception of the case. Furthermore, the repair history evidences the following:

- In the first attempt to repair the vehicle, at 5,694 miles, the vehicle was out of service for **16 days**. There were engine issues as the vehicle ran rough and the check engine light had come on and had thrown error codes. In addition to the engine issues, the brakes also were noisy and required replacement. **As we will see later in the repair history, engine issues and brake issues constantly plague this vehicle and is not fixed even though Rolls Royce had an early opportunity to do so.**
- In the second repair attempt at 6,659 miles, the vehicle was out of service for 8 days and the brake noise had returned within only a thousand miles of driving the new brakes. Again, they had to be replaced. Further, another engine issue surfaced as the engine was low on oil.
- In the third attempt at 10,338 miles, the vehicle was out of service for 1 day, this time with the drivetrain malfunction warning light being on.
- In the fourth repair attempt at 10,697 miles, the vehicle was out of service for 1 days again with the engine-related issue of the check oil light being on. **Yet again, this is another engine issue that could have been fixed early in the life of the vehicle but was not.**
- In the fifth repair attempt at 17,103 miles, the vehicle was out of service **for 16 days** and the vehicle had completely stalled and lost power while amongst significant traffic. This is yet again a reoccurring engine issue which was not fixed early on the life of the vehicle, despite significant chances to do so. It also presents a serious safety issue and the vehicle was out of service for well more than 30 days within the presumption period. Despite this repair this issue occurs again within a few thousand miles.
- In the sixth repair attempt at 22,795 miles, the vehicle was out of **service for 20 days** and it reoccurs **yet again within a few thousand miles after this repair order**.
- In the seventh repair attempt at 26,742 miles, the vehicle was out of service for 9 days for the vehicle again stalling and losing power. This is yet again a reoccurring engine issue which was not fixed early on the life of the vehicle, despite significant chances to do so. It also presents a serious safety issue, and represents the **sixth serious engine issue. Since this engine issue reoccurs and is not fixed in a reasonable number of attempts, this evidences liability.**

As of April 19, 2013 when our client leased the subject vehicle, it has so far been out of

3

service for **71 days**.  Of these 71 days, 42 of these days were within the presumption period.  This only further evidences that the Song-Beverly presumption is applicable **and that your company has failed to fix the nonconformities despite having significant time to do so**.  Therefore, you are hereby notified that my clients are revoking acceptance of this vehicle.  My clients have directed me to demand the cancellation of the contracts and the return of all funds paid towards this vehicle, including any trade-in value given, all collateral charges, finance charges and incidental and consequential damages.

In an effort to quickly and efficiently handle this matter, I have enclosed the repair orders to evidence the defect in this vehicle (Exhibit "A"), as well as my client's purchase agreement and registration to evidence that my client is entitled to repurchase as a buyer under the Song-Beverly Act.  (Exhibit "B")

To avoid any litigation, my client merely requests a refund for the defective vehicle, plus payment of our attorneys' fees pursuant to the fee-shifting provisions of the Lemon Law and/or Federal Magnuson-Moss Warranty Act. Our attorneys' fees are minimal at this stage and we would prefer to resolve this matter without the need for any more time spent on our part or on the part of your attorneys.  A great deal of time, money and effort could be saved by all parties involved with a quick resolution of this claim.

**Finally, I have noticed that Rolls Royce used to conduct IDR/Arbitration of these claims via the BBB but have been informed that the BBB no longer does such cases for Rolls Royce.  You should be aware that if you do not have an IDR program, there are consequences and we do not have to prove willfulness in order to obtain a civil penalty at trial.  If, by chance, you do have an arbitration program for us to submit this claim, please advise as soon as possible, so we can comply with that program.  As of right now, we are under the impression that no such program exists.  Please advise if that is not accurate.**

Since this case falls under the presumption and the repair orders clearly evidence a defect, Plaintiff hereby makes the following demand to resolve this matter:

1.  Repurchase the vehicle under the Song-Beverly Act, with a mileage offset at the first repair.
2.  Pay attorneys' fees in the amount of $3,500

Accordingly, if you wish to resolve this matter amicably, purchase feel free to contact my office. If the matter has not been resolved within thirty (30) days from the date of this letter, a lawsuit will be filed.

Very truly yours,

Vladimir Galstyan
Attorney at Law

VG/ds

4