NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| KRISTINA KASABYAN, | ) CASE NO. CV 17-6986-R |
|---|---|
| Plaintiff, | ) ORDER DENYING PLAINTIFF'S ) MOTION TO REMAND |
| v. | ) |
| ROLLS-ROYCE MOTOR CARS NA, LLC, | ) |
| Defendant. | ) |

Before the Court is Plaintiff's Motion to Remand, which was filed on October 19, 2017. (Dkt. No. 8). Having been thoroughly briefed by both parties, this Court took the matter under submission on November 15, 2017.

On August 18, 2017, Plaintiff filed a Complaint in the Los Angeles Superior Court alleging causes of action for breach of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et. seq.*, and the Song-Beverly Consumer Warranty Act, Cal. Civ. Code. § 1790, *et. seq.* On September 21, 2017, Defendant timely removed the case to federal court alleging federal question jurisdiction and diversity jurisdiction.

As a preliminary matter, this Court waives Local Rule 7-3. In order to avoid unnecessary briefing, the Court encourages the parties to review its Standing Order.

\\\

A defendant may remove a civil action from state court if the action could have originally been filed in federal court. 28 U.S.C. § 1441(a). "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009). District courts have federal question jurisdiction over claims arising under the Constitution, laws, or treaties of the United States. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). If a district court has federal jurisdiction, it may exercise supplemental jurisdiction over all other claims that form part of the same case or controversy, that is, they share a "common nucleus of operative fact" with the federal claim. *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004). In filing federal claims in state court, Plaintiff takes the risk that defendant will "assert his right to a federal forum." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995) ("If the defendant…removes the action, the plaintiff must then choose between federal claims and a state forum.").

Plaintiff's claims arise out of warranty claims made in conjunction with the lease of a 2013 Rolls-Royce Ghost. Plaintiff asserts two claims under the federal Magnuson-Moss Warranty Act and two claims under the California Song-Beverly Consumer Protection Act. The Court has federal jurisdiction over the Magnuson-Moss Warranty Act claims. In this case, Plaintiff's California law claims share a common nucleus of operative facts with her federal claims because all claims arise from alleged warranties made with the car lease. Therefore, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is DENIED. (Dkt. No. 8).

Dated: December 19, 2017.

_____

MANUEL L. REAL
UNITED STATES DISTRICT JUDGE